PETITION OF HEBER J. McGRATH
No. 10773
Submitted March 13, 1964. Decided March 25, 1964.
390 P.2d 452.

398

PER CURIAM.

This matter has been submitted by Heber J. McGrath, an inmate of the Montana State Prison, appearing pro se, and is called an appeal from the denial by the district court of Chouteau County of McGrath's petition for writ of error coram nobis, motion to withdraw plea of guilty and enter a plea of not guilty, and certain allied motions hereinafter more particularly referred to.

Before passing to a discussion of the contentions made by McGrath the official records of the district court disclose that on July 11, 1961, an information was filed against John T. Jones and Heber Jesse McGrath, charging them with the crime of burglary in the first degree, wherein it was alleged that the defendants on Sunday, the 9th day of July, 1961, in the County of Chouteau and State of Montana, committed the crime of burglary in the First Degree, in that the said John T. Jones and Heber Jesse McGrath, then and there being, then and there did, wilfully, wrongfully, unlawfully, and feloniously, intentionally, and burglariously, with the intent in them, the said John T. Jones and Heber Jesse McGrath, then and there and therein, to commit burglary in the first degree, during the nighttime, enter into that certain garage and service station in Carter, Montana, known as the "Kustom Klinic," then and there the property of Russell Salisbury, contrary to form, force and effect of the statute in such case made and provided, and against the peace and dignity of the State of Montana.

The minutes of the court on July 11, 1961, read:

"The defendants with the County Attorney came into Court. Defendants requested the services of an Attorney and the Court appointed Evon Anderson to represent them. Further hearing is set for Tuesday, the 8th day of August, 1961, at 10 o'clock A. M."

The minutes of August 8, 1961, read:

"The County Attorney and the Defendants with their Attor-

ney came into Court. The defendants were duly informed of the Nature of Information filed against them of the crime of Burglary in the First Degree. The defendants waived time in which to plea and pleaded 'Not Guilty.' Bond having been set at $5,000.00 each defendant, the defendants were then remanded to the custody of the sheriff until the fall jury term or until such time as the bond is posted."

On August 11, 1961, the court minutes read:

"The Defendants with their attorney and the County Attorney came into Court. The defendants having pleaded 'Not Guilty' and requesting a Jury Trial on the 8th of August changed their plea to 'Guilty.' A Motion for Dismissal against John Thomas Jones was filed by the County Attorney and further action against him was dismissed. Mr. McGrath having pleaded 'Guilty,' waived time in which to be sentenced. The Court being fully advised in the premises, took this matter under advisement until such time as Parole Officer Baumgart can make a complete check of his record. Heber Jesse McGrath was remanded to the custody of the sheriff."

On August 22, 1961, such court minutes read:

"The County Attorney, Defendant and his Attorney came into court. The defendant having entered his plea of 'Guilty' and the Court being fully advised in the premises, It is the judgment of this Court that the Defendant, Heber Jess McGrath, be sentenced by confinement in the State Prison in Powell County, State of Montana, at hard labor, for the term of ten (10) years. The defendant is remanded to the custody of the sheriff of Chouteau County, who will deliver said defendant into the custody of the Warden of the State Prison who will see that this judgment is carried into execution."

McGrath now contends in his notice of appeal that he has a right to appeal from a criminal conviction, and that he is entitled to appointment of counsel on appellate review.

In his petition for appeal he contends that he was convicted in violation of section 94-903, R.C.M.1947; that his imprison-

ment is unlawful because he was deprived of his right to be represented by competent counsel; and that the law enforcement officers of Cascade County, Montana, conducted an illegal search and seizure. His prayer is for the issuance of a writ of habeas corpus.

In his brief he contends the information is illegal and unlawful; that he had a right to ask for a change of counsel; that he was denied the effective assistance of counsel in that he was not permitted to subpoena alibi witnesses; and that a search was made of his automobile without a search warrant.

In his motion for leave to withdraw plea of guilty and substitute plea of not guilty he contends that his plea was not made voluntarily in that he was under duress, coercion, and without effective assistance of counsel.

In his petition for writ of error coram nobis he contended that he was deprived of his right to be represented by the assistance of competent counsel; that his constitutional rights were violated by the law officers of Cascade County conducting an illegal search and seizure.

We will endeavor to answer the various contentions made in the various papers now before us. First, we should state that in each and every instance no statement of facts is given with regard to these alleged illegal procedures, McGrath merely quoting from decisions of various federal and state courts as to what the general law is.

As to his contention with respect to counsel, to merely state that some jurisdictions permit an indigent defendant to seek a change of counsel when, as in this case, no request for any such action was ever requested, means nothing. Montana provides all indigent defendants with counsel upon their request and that was done in this instance as clearly shown by the record.

Section 94-903, supra, provides that burglary in the first degree is punishable by imprisonment in the state prison for not less than one year nor more than fifteen years. McGrath

was sentenced to ten years so there is no violation of the statute present here.

As to his claimed illegal search and seizure no facts of any kind are set forth from which this court or any court could make any determination. Having been represented by counsel we must rest with the presumption that McGrath gave all information he had to such counsel and that in the opinion of counsel there was nothing meritorious in the claim.

As to the information filed in this case, it is in proper form and alleges the commission by McGrath and another of the crime of burglary in the first degree. There is nothing illegal or unlawful about it in form or substance.

Since there was no trial, McGrath having entered a plea of guilty, there would exist no reason to subpoena alibi witnesses; further, there is no showing that any such request was made. All that appears in the papers here is that McGrath stated he "strongly desired to subpoena." This contention is based upon a quotation cited by him from a federal case wherein the incompetency of counsel upon a trial was being discussed. We can agree with the holding of the authority cited but fail to see where it has any application under the facts existing here.

As to his contention that his plea of guilty was not voluntarily entered, again not a single fact is set forth in support thereof. Nothing appears in the district court record to give credence to this claim and the district judge having denied his motion we must presume that there was no basis in the judge's mind for the contention.

Turning then from these unsupported contentions of McGrath to the official court minutes with respect to this defendant as hereinbefore set forth. We find upon his first appearance before the court he requested an attorney and one was appointed and the matter was continued for a period of four weeks. There was thus a very liberal period of time for court-appointed counsel to investigate the facts and consult

with his client before the arraignment. When the defendant was arraigned on August 8, 1961, he was present in court with his attorney, he was informed of the crime with which he was charged, waived time to plead and entered a plea of not guilty, and his bond was fixed by the court. Three days later defendant with his attorney was again before the court and at which time, upon his own request, he was permitted to change his plea from not guilty to guilty, and then waived time for imposition of sentence. However, the court did not impose its judgment at that time but called for a pre-sentence investigation by a parole officer of the Board of Pardons. Eleven more days elapsed and on August 22, 1961, the defendant was again before the court with his attorney and judgment was pronounced. From his first appearance in court defendant was at all times represented by his attorney, the record does not disclose that at any time did he request other or different counsel; an extremely liberal period of time existed between all appearances before the court; nothing appears to have been requested of the court with respect to any of the contentions now made by McGrath. In the face of this official record we can give little credence to the unsupported contentions made in the various papers filed.

McGrath has sought different types of relief and these are so intermingled that no one set of papers is consistent with the relief requested, but all have been considered.

As to the appeal from the judgment of conviction, our law permits an appeal in all cases but it must be taken in accordance with the applicable statutes and within the time stipulated by law. The time for such appeal has long since expired. Considering the various papers filed to be an appeal from the denial of a writ of error coram nobis by the district court, under the situation disclosed by the record here such denial was proper and the order of the district court is affirmed.

As to the appeal from the motion for leave to with-

draw the plea of guilty and substitute one of not guilty, under the record here the court did not abuse its discretion in denying the same and we affirm such action.

As to the request for appointment of counsel such matters are handled under the law by the district court and since the district court denied the relief requested there existed no necessity for the appointment of counsel. This court has examined the records of the district court, as we have hereinbefore commented, and we affirm the action of the district court.

As to the motion for preparation of a record upon which to appeal, since there was no trial the only record would be that of the district court which we have before us, as already pointed out.

Request was also made among the various papers filed for the issuance of a writ of habeas corpus. No grounds for the issuance of such writ appearing, it is hereby denied.